FILED
MAY -9 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| David M. Young, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 12-1623 (UNA) |
| ) | |
| U..S. Attorney General, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## MEMORANDUM OPINION

This action for a writ of mandamus brought *pro se* by a federal prisoner was dismissed on November 16, 2012, because petitioner had neither submitted the $350 filing fee applicable to this civil action nor complied with the Order directing him to file a six-month trust fund account statement in support of his motion to proceed *in forma pauperis*. See Mem. Op. [Dkt. 4]. On December 10, 2012, the Clerk received petitioner's "Motion for Relief from Final Judgment Under 28 USC Rule 59 or Rule 60," with the requested account statement attached. In addition, on April 26, 2013, the Clerk received petitioner's "Motion to Refile Mandamus." The Court will grant petitioner's motion to reconsider the dismissal order under Rule 59, but, having considered the merits of the petition, must now dismiss the case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting). Consequently, petitioner's motion to refile the mandamus petition will be denied.

Petitioner seeks a writ of mandamus to compel the United States Attorney General to respond to his petition filed "in accordance with Federal Statute 21 U.S.C. § 811, to reschedule marijuana." Pet. at 1. The extraordinary remedy of a writ of mandamus is available to compel an

1

"officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. §1361. The petitioner bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted). "It is well settled that a writ of mandamus is not available to compel discretionary acts." *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases). Furthermore, mandamus relief is not available "when review by other means is possible." *Telecomms. Research & Action Ctr. v. FCC*, 750 F.2d 70, 78 (D.C. Cir. 1984).

The Attorney General's decision to reclassify marijuana under the Controlled Substances Act ("CSA") is discretionary. *See U.S. v. Wables*, 731 F.2d 440, 450 (7th Cir. 1984) (holding "that the proper statutory classification of marijuana is an issue that is reserved to the judgment of Congress and to the discretion of the Attorney General"). Furthermore, judicial review for "any person aggrieved by [the Attorney General's] final decision" is available exclusively in the United States Court of Appeals for the District of Columbia Circuit or other circuit courts. 21 U.S.C. § 877; *see Olsen v. Holder*, 610 F. Supp. 2d 985, 995 (S.D. Iowa 2009), quoting *John Doe, Inc. v. Drug Enforcement Admin.*, 484 F.3d 561, 568 (D.C. Cir. 2007) ("21 U.S.C. § 877 vests exclusive jurisdiction in the courts of appeals over '[a]ll final determinations, findings and conclusion' of the DEA applying the CSA."); *John Doe, Inc. v. Gonzalez*, No. 06-966, 2006 WL 1805685, at *18 (D.D.C. June 29, 2006) ("A plain reading of Section 877 indicates that jurisdiction over challenges to the DEA's determinations under the CSA rests exclusively with the Court of Appeals; indeed, the statute itself provides no other explicit avenue for judicial

review and relief.")). Hence, this case must be dismissed for want of subject matter jurisdiction. *See Telecomms. Research,* 750 F.2d at 77 ("Because the District Court has no present or future jurisdiction over agency actions assigned by statute to appellate court review, it can contemplate no exercise of jurisdiction that mandamus might aid.") (footnote omitted). A separate Order accompanies this Memorandum Opinion.

/s/ _____
United States District Judge

DATE: May 7, 2013